UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN CECOT, JR.,

        Plaintiff,

     v.                             Case No. 25-cv-148-bhl

CHANTELL JEWELL, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff John Cecot, Jr, who is currently serving a state prison sentence at the Milwaukee County Community Reintegration Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Cecot's motion for leave to proceed without prepayment of the filing fee and for the screening of the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Cecot has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Cecot has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $44.34. The Court will grant Cecot's motion for leave to proceed without prepaying the filing fee.

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Cecot is an inmate at the Milwaukee County Community Reintegration Center. Dkt. No. 1. Defendants are Superintendent Chantell Jewell and Correctional Officer (CO) Zielinski. *Id.* at 1-2. On September 7, 2024, at around 2:30 p.m., Cecot wrote a letter to CO Zielinski notifying him that an inmate planned to attack him later in the day. *Id.* at 2. CO Zielinski did not investigate the circumstances or take any other actions. *Id.* Later that day, at 9:00 p.m., Cecot was in fact attacked and beaten by the inmate and suffered a concussion. *Id.* Cecot was later placed in a segregation cell that had "fecal matter crusted around the border of the cell" and a mattress that "hadn't been sanitized for who know how long." *Id.* Cecot was also denied phone calls, mail, recreation time, and medical care. *Id.* For relief, Cecot seeks monetary damages. *Id.* at 3-4.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Section 1983 limits liability to individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983. . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005

(7th Cir. 1982)).  He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

Cecot asks to proceed with claims under the First and Eighth Amendments.  Dkt. No. 1 at 3.  The Eighth Amendment  requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020).  To state a claim, Cecot must allege that: (1)  he was exposed to a harm that was objectively serious; and (2)  the prison official knew of and disregarded an excessive risk to the inmate's health or safety.  *Id.*  A generalized risk of violence is not enough for prisons are inherently dangerous places. *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011).  Instead, an inmate must allege a tangible threat to his safety or well-being.  *Id.*  A substantial risk of serious harm is one in which the risk is "so great" that it is "almost certain to materialize if nothing is done." *Id.* (internal citations omitted). "[T]he conditions presenting the risk must be sure or very likely to cause ... needless suffering, and give rise to sufficiently imminent dangers." *Id.*

Cecot alleges that, on September 7, 2024, he notified CO Zielinski that he would be attacked by another inmate.  CO Zielinski did not investigate the circumstances or do anything else in response.  Later that day, Cecot was in fact attacked by the inmate he earlier identified and suffered a concussion.  Based on these allegations, the Court can reasonably infer that CO Zielinski may have failed to protect Cecot on September 7, 2024.  Therefore, Cecot may proceed on an Eighth Amendment failure to protect claim against CO Zielinski in connection with the September 7, 2024 inmate attack at the Milwaukee County Community Reintegration Center.

The Court will dismiss Cecot's claims against Superintendent Jewel, however.  Cecot alleges no facts concerning Superintendent Jewel's involvement in the matter underlying his claim. Her role as a supervisor at the institution does not make her personally liable for the actions of

4

others.  *Burks*, 555 F.3d at 593-94 ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.").  The Court will also dismiss the other claims that Cecot vaguely mentions in his complaint—denial of medical care, conditions of confinement, denial of phone use, and denial of mail.  Cecot does not identify any particular individuals who may have been personally involved in these issues, sufficient to support a constitutional claim.  There are no factual allegations allowing the Court to infer that any person may have acted in any way to violate his rights.

CONCLUSION

The Court finds that Cecot may proceed on an Eighth Amendment failure to protect claim against CO Zielinski in connection with the September 7, 2024 inmate attack at the Milwaukee County Community Reintegration Center.  All other claims and defendants are dismissed.

**IT IS THEREFORE ORDERED** that Cecot's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Chantell Jewell is **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of Cecot's complaint and this order are being electronically sent today to Milwaukee County for service on CO Zielinski.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, CO Zielinski shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Cecot shall collect from his institution trust account the **$305.66** balance of the filing fee by collecting monthly payments from Cecot's prison trust account in an amount equal to 20% of the preceding month's income

5

credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Cecot is transferred to another institution, the transferring institution shall forward a copy of this Order along with Cecot's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to Inmate Accounts, Milwaukee County Community Reintegration Center, 8885 S. 68th Street, Franklin, WI 53132.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Cecot is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any

6

change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on April 9, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

7