JOHN CECOT, JR.,

     Plaintiff,

 v.                                   Case No. 25-CV-148

CO ZIELINSKI,

     Defendant.

## ORDER

On February 9, 2026, the defendant, CO Zielinski, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 37 and 41(b) because the *pro se* plaintiff, John Cecot, Jr., is not participating in discovery, failed to update his address, and is not responding to attempts to contact him. (ECF No. 26.)

Zielinski states that he served discovery upon Cecot on October 16, 2025. (ECF No. 26 at 2.) At that time, Cecot had been released from custody, so Zielinski sent the discovery to the home address his lawyer had on file. This discovery was returned for an insufficient address.

Curiously, Cecot appeared for his deposition on December 18, 2025, which was also noticed on October 16, 2025. At his deposition, Cecot stated he received the October discovery requests, but he asked for additional time to provide responses. Zielinski agreed to a 30-day extension, or January 22, 2026. When Zielinski did not

receive Cecot's responses, his lawyer called Cecot on January 29, 2026. Cecot indicated that he needed more time to respond to the discovery and that he planned to file a motion for extension of the discovery deadline with the court on February 2, 2026. When Cecot failed to file the motion for extension, Zielinski's lawyer reached out again on February 4, 2026, but was unable to get ahold of Cecot.

The court notes that the docket still has the Milwaukee County Community Reintegration Center listed at Cecot's address, and he has not provided an updated address to the court. In its scheduling order dated July 9, 2025, the court warned Cecot that if he failed to update his address, the court may dismiss his case without further notice. (ECF No. 21, ¶ 4.)

Usually, the court would give Cecot one final opportunity to either respond to discovery or file a letter explaining why he cannot. However, the court notes that it has tried to mail Cecot several filings and they were returned. As such, the court will grant Zielinski's motion to dismiss. Dismissal is with prejudice. Fed. R. Civ. P. 41(b); *Ledford v. Waldo,* No. 23-2463, 2024 WL 1104785, at *2 (7th Cir. Mar. 14, 2024).

**IT IS THEREFORE ORDERED** that Zielinski's motion to dismiss (ECF No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of

2

Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 13th day of April, 2026.

STEPHEN DRIES
United States Magistrate Judge

3